## J. F. DOWDY ET AL. v. PRESTON BROS.

[Abstract Kentucky Law Reporter, Vol. 3—760.]

**Claim of Infancy Against Appellant.**

The claim that appellant was an infant at the time the judgment was rendered is not a ground for reversal when no question is made in the pleadings as to such point. A suspicion of infancy is not enough; it must clearly appear that there is incapacity by reason of minority before a decree should be disturbed.

### APPEAL FROM GRAVES CIRCUIT COURT.

April 27, 1882.

OPINION BY JUDGE HINES:

We do not perceive that the refusal of the court below to continue the case on account of the illness of counsel was an abuse of discretion or that it was prejudicial to appellants. There is nothing in the record to indicate that the presence of counsel at the trial would have in any way been beneficial to appellants. The answer of appellees to the petition of W. J. Dowdy had been

filed at a previous term of the court and the time for filing a reply had expired, so that the pleadings were complete, at least W. J. Dowdy would have had no right (except by grace of the court) to file a reply at the term at which the continuance was asked. The allegations of that answer being taken for confessed as to W. J. Dowdy there appears no reason for the postponement of the case as to him, nor does there appear any grounds for the other objections urged in his behalf. It is alleged that W. J. Dowdy purchased the land after the levy of an execution which created a lien in favor of appellees, and that he paid the $50 on the purchase-price after the institution of this action to subject the land to the payment of the appellees' demand. These facts being admitted by failure to reply, no injury was done W. J. Dowdy by allowing to be read the depositions taken in the cause prior to the time of his becoming a party, because no proof as against him was necessary. Whatever claim he has, by reason of his purchase, against Wm. Dowdy or his immediate vendee is protected by the decree which reserves the surplus, after paying appellees' debt, for distribution by the court according to the rights of the parties.

The complaint that appellant, W. J. Dowdy, was an infant at the time of the rendition of the decree is not tenable as a ground for a reversal. No question is made in the pleadings as to this point. He comes in ostensibly as an adult, and the suspicion that he may have been an infant at the date of the decree appears in his deposition in which he states that he is twenty years of age. The deposition is dated July 11, and the decree was entered on the 9th of May following. A suspicion of infancy is not sufficient. It must clearly appear that there is incapacity by reason of minority before the decree should be disturbed. The expression of the witness does not necessarily imply that the day of his declaration is his twentieth birthday, but on the contrary imports that the twentieth birthday was at some time prior thereto. In common speech we say that a person is twenty years of age when speaking of any period between the twentieth and twenty-first birthday.

It appears to us that the evidence is abundantly sufficient to support the finding of the court to the effect that the convey-

ances by William Dowdy were made to defraud his creditors and were without consideration.

Judgment *affirmed.*

*Anderson, Brown & Stanfield, for appellants.*

*Tice & Smith, for appellees.*